PD-0596-16
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/1/2016 4:03:52 PM
Accepted 6/1/2016 4:25:08 PM
ABEL ACOSTA
CLERK

NO. _____

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## AT AUSTIN

---------------------------------------------------------------

## NO. 01-15-00055-CR

## IN THE COURT OF APPEALS FOR THE

## FIRST DISTRICT OF TEXAS

## AT HOUSTON

---------------------------------------------------------------

**JOSE PABLO LOPEZ,**                          **APPELLANT**

**V.**

**THE STATE OF TEXAS,**                          **APPELLEE**

---------------------------------------------------------------

## MOTION FOR EXTENSION OF TIME TO FILE
## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---------------------------------------------------------------

**Winston E. Cochran, Jr.**
Attorney at Law
Texas Bar No. 04457300
P.O. Box 2945
League City, TX 77574
Tel. (713) 228-0264
E-mail:winstoncochran@comcast.net

Court-appointed Counsel for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

June 1, 2016

ABEL ACOSTA, CLERK

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

COMES NOW the appellant, Jose Pablo Lopez (hereinafter "Lopez"), through the undersigned counsel, and respectfully requests that this Court extend the time to file a petition for discretionary review of the decision in this cause by the Court of Appeals for the First District of Texas, for reasons set forth as follows.

1. Lopez was indicted for Capital Murder. A long delay ensued between the time of indictment and the time of trial while Lopez was absent from the United States. At trial, a jury found Lopez guilty of Capital Murder. Pursuant to a mandatory statute, punishment was assessed at confinement for life, with the possibility of parole, in the Texas Department of Criminal Justice, Correctional Institutions Division. Lopez gave timely notice of appeal, and the appeal was docketed as *Jose Pablo Lopez v. State of Texas,* No. 01-15-00055-CR, in the Court of Appeals for the First District of Texas.

2. On appeal Lopez raised six points of error, including a challenge to a trial for Capital Murder under the terms of the extradition process. The Court of Appeals delivered an opinion and rendered a judgment, affirming the judgment and sentence of the district court, in a published opinion on April 26, 2016. No motion for rehearing was filed by either party.

3. A petition for discretionary review was due on May 26, 2016. Lopez hereby requests an extension of time to file a petition for discretionary review for

thirty days, until Monday, June 27, 2016.  No previous requests for an extension of time to file the petition for discretionary review have been filed.

4.    Pursuant to TEX. R. APP. PROC. 10.5 and 68.2, this motion is timely if filed on or before June 10, 2016.

4.    The reasons for the requested extension are as follows:

A.  Since the date of the Court of Appeals' opinion in this cause, Lopez's counsel has been unable to complete a petition in this cause due to competing obligations in trial, appellate, and habeas cases, including but not limited to the following matters:

(1) *Ex parte Roderick Carpenter,*  No. 1171502-A in the 232nd District Court of Harris County, and not yet assigned a number in this Court. This is a  postconviction writ application in a Capital Murder case, with a sentence of life without parole, in which a great deal of time has been devoted recently to clarification of the record and the question of whether and how Carpenter should seek to have the application dismissed, rather than face a denial on the merits.  Counsel was not able to file this extension motion at the ordinary time because of activities related to Carpenter's case.

(2)  *Gulf Coast Rod, Reel and Gun Club, Incorporated, et al. v. United States Army Corps of Engineers, et al.,* No. 16-40181 in the United States  Court of Appeals for the Fifth Circuit.  Counsel is representing the appellants *pro bono publico* in a challenge to a permit which was issued for the closure of Rollover Pass, a famed fishing location on the Bolivar Peninsula in Galveston County.

(3)  *State of Texas v. Christopher Dupuy*, Nos. 15CR1660 and 15CR1661 in the 405th District Court of Galveston County.  These are

2

prosecutions of a former county court judge which have generated a great deal of notoriety and difficulty because of the defendant's former status and an ongoing dispute as to constitutionality of the underlying statute. Counsel has been working towards a finding that Mr. Dupuy is incompetent to stand trial.

(4) *State of Texas v. Daveon Napper*, Nos. 15-CR-1566 and 15-CR-1567 in the 56th District Court of Galveston County. These related cases, for Aggravated Robbery and Aggravated Assault, arise from an attempted "drug rip" in Texas City. Good-faith efforts to settle the cases have failed, and trial looms on June 13. Pretrial discovery review and other preparation has been substantial.

B. Compounding the difficulty of a flurry of difficult cases, on Mother's Day counsel was bitten on the finger by a dog, making the preparation of written materials more laborious recently.

5. The issues which Lopez intends to present in his petition will be the following questions, or a similarly worded questions:

A. Did the Court of Appeals err in upholding the authority of the district court to try Lopez for Capital Murder in light of the provisions of his extradition from Mexico?

B. Did the Court of Appeals err in upholding the jury charge because the application paragraph correctly covered guilt as a "principal" when there was no evidence that Lopez was guilty as a "principal" rather than as a "party?"

C. Did the Court of Appeals err in upholding the automatic assessment of a life sentence, with the possibility of parole, against an Eighth Amendment challenge?

D. Did the Court of Appeals err in upholding the automatic assessment of a life sentence, with the possibility of parole, against a Texas constitutional challenge?

E. Did the Court of Appeals err in upholding the automatic assessment of a life sentence, with the possibility of parole, against a Fourteenth Amendment "due process of law" challenge?

F. Did the Court of Appeals err in upholding the automatic assessment of a life sentence, with the possibility of parole, against a Texas constitutional "due course of the process of law" challenge?

The latter four issues are familiar to this Court from other contexts and might be consolidated for the purposes of the petition, but even with that approach the petition will be presenting a large number of important legal questions for this Court's consideration and the completion of the petition will be a big project.

6. This motion is not filed for purposes of delay but in order that justice may be done for an indigent appellant.

Wherefore Lopez prays that this motion be granted and that the time for filing

4

a petition for discretionary review in this cause be extended to June 27, 2016.

Respectfully submitted,

**/s/ Winston E. Cochran, Jr.**
Winston E. Cochran, Jr.
Attorney at Law
Texas Bar No. 04457300
P.O. Box 2945
League City, TX 77574
Tel. (713) 228-0264
E-mail:winstoncochran@comcast.net

Court-appointed counsel for Appellant

## CERTIFICATE OF SERVICE

I certify that copies of this petition have been served on counsel for the

State electronically or by mail at the following addresses on June 1, 2016:

| | |
|---|---|
| Galveston County District Attorney's Office | Hon. Lisa C. McMinn |
| Appellate Division | State Prosecuting Attorney |
| Attention: Rebecca Klaren | P.O. Box 13046 |
| 600 59th Street | Austin, TX 78711-3046 |
| Galveston, TX 77551 | |

/s/ Winston E. Cochran, Jr.
Winston E. Cochran, Jr.

5